José Antonio Marty et ux., Plaintiffs and Appellees, *v.* Salvador Morales Morales, Defendant and Appellant.

No. 9416. Argued November 21, 1946.—Decided December 3, 1946.

*José M. Ramírez de Arellano* for appellant. *Ildefonso Freyre* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

In this case, an appeal taken by defendant from a judgment for plaintiffs in an unlawful detainer suit is sought to be dismissed as frivolous. The questions raised by defendant may be summarized thus:

1. That notwithstanding the existence of a contract of sale between the plaintiffs and the defendant, it was verbally agreed between them that the vendor would not deliver the property sold until after six months had elapsed, which was the term that defendant had granted José C. Cabrero to deliver, in turn, a house which defendant had bought, and that the court erred in weighing the evidence as to the verbal contract.

2. That since defendant had not delivered the property at the time the unlawful detainer proceeding was instituted, the contract of sale had not yet been consummated, and that since said contract had not been perfected at that time, the defendant was still the owner of the property and, consequently, a conflict of titles arose which precluded the judgment of eviction.

3. That in the instant case the action of unlawful detainer *in precarium* does not lie.

The defendant alleged in his answer the existence of the verbal contract, but the evidence was conflicting. That for the plaintiffs tended to prove that the contract had never existed and the notary himself who executed the deed of sale testified that he had never heard of it. This being so, we should not disturb the discretion of the court *a quo* in the weighing of the evidence, the more so since defendant's evi-

dence does not give any explanation as to why the plaintiffs bought the house, paid it in full, and allowed defendant to continue in the house without paying any rental or consideration whatsoever, which circumstance is contrary to the manner of doing business, and undoubtedly influenced the mind of the trial judge in settling the conflict in the evidence. But even assuming that such a contract existed, there was no conflict of titles in the present case, inasmuch as the sale was carried out by means of a public deed, the execution of which—under § 1351 of the Civil Code—is tantamount to the delivery of the thing sold unless the contrary appears or may be inferred from the deed itself.

We do not conceive why the unlawful detainer proceeding *in precarium* does not lie in this case. Section 620 of the Code of Civil Procedure provides that: "The action of unlawful detainer (*desahucio*) may be commenced by the owners of property, . . . " and § 621 (as amended by Act No. 14 of 1941, Spec. Sess. Laws, p. 44) provides that unlawful detainer shall be instituted against ". . . any other person who retains the material possession thereof or enjoys the same *in precarium,* without paying any rental or other consideration whatever; . . . "

Since defendant sold the property to the plaintiffs by means of a public deed, and as the alleged verbal contract did not exist according to the findings of the court *a quo,* the judgment decreeing the eviction is entirely correct. An appeal from this judgment is indeed frivolous, as is revealed by the questions raised by appellant. Consequently, appellees' motion is granted and the appeal is dismissed. Appellant shall pay the costs in this court and $100 as fees for appellees' attorneys because of his manifest obstinacy in the prosecution of this appeal.